[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 15-14922
Non-Argument Calendar

————————————————

D.C. Docket Nos. 6:15-cv-00187-ACC; 6:11-bkc-16036-KSJ

In re:

ROGER W. SODERSTROM,
TANSEY M. SODERSTROM,

Debtors,

_____

ROGER W. SODERSTROM,

Plaintiff - Appellant,

versus

J. THOMPSON INVESTMENTS, LLC,
JOAN THOMPSON,

Defendants - Appellees.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(July 6, 2016)

Before WILSON, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Roger W. Soderstrom appeals the district court's order affirming the bankruptcy court's judgment in favor of J. Thompson Investments, LLC and Joan Thompson for $811,000 and the bankruptcy court's holding that the judgment is not dischargeable pursuant to the fraud exception, 11 U.S.C. § 523(a)(2)(A). Soderstrom contends the bankruptcy court erred by finding justifiable reliance notwithstanding allegedly contradictory information, by finding causation despite insufficient evidence, and by making an erroneous finding of fact regarding whether Soderstrom actually made the allegedly fraudulent representation. After review,[1] we affirm.

As the bankruptcy court noted, the underlying fraud claim presents "a true 'he-said-she-said' factual dispute." Thompson insists Soderstrom misrepresented that her investment was needed to complete construction and build-out of the office space. Soderstrom denies making this statement. After hearing live testimony from the parties and considering the parties' extensive evidentiary submissions the bankruptcy court found Thompson to be more credible than Soderstrom. Accordingly, the bankruptcy court found that Soderstrom in fact

---

[1] When reviewing a district court's affirmance of a bankruptcy court order, we review for clear error the bankruptcy court's findings of fact, and we review *de novo* the legal conclusions of both the bankruptcy court and the district court. *In re Fisher Island Invs., Inc.*, 778 F.3d 1172, 1189 (11th Cir. 2015).

made the alleged misrepresentation.  We defer to the bankruptcy court's credibility determination and find no clear error.  *See Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."); *In re T & B Gen. Contracting, Inc.*, 833 F.2d 1455, 1458 (11th Cir. 1987) ("[D]ue regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses.").  The testimony of Scott Buono on which Soderstrom relies is equivocal and fails to directly contradict Thompson's testimony.  *See* Dist. Ct. Doc. 15-6 at 35 ("Q. Do you know if Roger Soderstrom made any representations? A. Not *that I'm aware of*.  Not other than *I think* what's in -- in the operating agreement and the subscription agreement." (emphasis added)).  Even if Buono's testimony contradicted Thompson's, because the bankruptcy court's finding of fact remains a permissible view of the evidence, it would not be clear error.  *See Anderson*, 470 U.S. at 574.

We likewise find no error in the bankruptcy court's determination that Thompson justifiably relied upon Soderstrom's misrepresentation.  While the parties' subscription agreement and operating agreement together created a mechanism for Soderstrom to repay himself with invested funds, the bankruptcy court correctly observed that the parties' subscription agreement permitted repayment only to the extent the money was not needed for build-out.  Because

Soderstrom represented to Thompson that he needed to and would use the investment to pay for construction and build-out of the office space, the contract provisions did not contradict Soderstrom's misrepresentation.  Although it would have been more prudent for Thompson to inquire further before making the investment, she was justified in relying upon Soderstrom's misrepresentation.  *See In re Vann*, 67 F.3d 277, 283 (11th Cir. 1995) ("To constitute justifiable reliance, the plaintiff's conduct must not be so utterly unreasonable, in the light of the information apparent to him, that the law may properly say that his loss is his own responsibility.  This conclusion, however, does not mean that the reliance must be objectively reasonable." (internal citation and quotation marks omitted)).

Finally, the bankruptcy court did not err in finding that Thompson's justifiable reliance on Soderstrom's misrepresentation proximately caused her loss.  The finding that Thompson lost $811,000 is not challenged on appeal.  The only causation dispute is whether Thompson would not have made the investment but for Soderstrom's misrepresentation.  Thompson testified that had she known build-out was nearly complete and Soderstrom intended to pay himself, she would have perceived the investment to be a sinking ship and would have not invested.  The bankruptcy court did not clearly err in crediting this testimony.[2]  *See Anderson*,

_____

[2] Soderstrom's contention that other testimony refutes causation lacks merit.  The fact that Thompson conducted additional due diligence before investing and had other sources of information does not alter the causative effect Soderstrom's misrepresentation had on

4

470 U.S. at 574.  The fact that Soderstrom did not completely cash out of the business does not undermine the bankruptcy court's causation finding.  Soderstrom invested approximately $1,050,000 between his two tiers of membership in the business and ultimately withdrew over $900,000, much of it from money that Thompson invested.  Thompson's testimony does not suggest that she was any more likely to make the investment had Soderstrom told her he would use her investment to recoup most but not all of his investment, and the bankruptcy court could properly consider Soderstrom's paying himself with Thompson's investment to be the very thing she wished to avoid.

**AFFIRMED.**

---

Thompson's decision to invest.  *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 704 (2004) ("[A] given proximate cause need not be, and frequently is not, the exclusive proximate cause of harm.").  The information to which Soderstrom refers would be probative of the justifiable reliance element but does not refute the bankruptcy court's causation finding.  As discussed above, this information does not render Thompson's conduct "so utterly unreasonable . . . that the law may properly say that [her] loss is [her] own responsibility." *In re Vann*, 67 F.3d at 283.